IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THOMAS R. BARTON, as Receiver over the Non-Exempt Assets of Bernard C. Buchanan, et al., <br><br> Plaintiff, <br><br> vs. <br><br> ANN L. CULLINAN, <br><br> Defendant. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br> Case No. 2:14-cv-706 |

This is one of many receivership cases arising out of the collapse of an alleged Ponzi scheme run by Val Southwick.[1] Attorney Robert Wing was appointed receiver of the Vescor entities and sued Bernard Buchanan and his entities in <u>Wing v. Buchanan, et al.</u>, Case No. 2:08-cv-00803-DB, alleging that Mr. Buchanan and his entities received money and other assets from Vescor and that the payments constituted fraudulent transfers.

After Mr. Wing obtained a judgment against Mr. Buchanan and his entities, Plaintiff Thomas Barton was appointed as the receiver for Mr. Buchanan's non-exempt assets and certain Buchanan entities. In his role as receiver, Mr. Barton seeks to recover assets from Defendant Ann

---

[1] Mr. Southwick allegedly used a web of entities collectively known as Vescor in his scheme. The underlying case is <u>SEC v. Vescorp Capital Corp., et al.</u>, Case No. 1:08-cv-00012-DB.

Cullinan, Mr. Buchanan's daughter, based on a fraudulent transfer theory. In lieu of an answer, Ms. Cullinan filed a Motion to Dismiss Under Rule 12(b)(3) for Lack of Venue. (Dkt. No. 4.)

The court has examined the parties' briefs and the applicable law and finds that oral argument is not necessary to decide the issues before it.

## ANALYSIS

Relying on 28 U.S.C. § 1391, Ms. Cullinan argues that venue is improper in Utah because she is an Arizona resident, all other parties involved in the relevant transfers reside in states other than Utah, and the property at issue is located in Arizona.

The court disagrees that venue is improper under § 1391. The court further concludes that, under the statutes applicable in receivership cases, venue is proper in Utah.

Section 1391 reads in relevant part, "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The receiver's claims in this case stem from a judgment against Robert Buchanan obtained in a Utah case, which arose out of an alleged Ponzi scheme that was also litigated in Utah. Under these facts, a substantial part of the events giving rise to the claims occurred in Utah, and venue is proper.

Moreover, under 28 U.S.C. § 754, "[a] receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof." In addition, the receiver "shall have capacity to sue in any district without ancillary appointment." Id. "Courts have held that under this provision, where a 'receiver's complaint was brought to accomplish the objectives of the Receivership Order and was thus

ancillary to the court's exclusive jurisdiction over the receivership estate, venue was properly established.'" Klein v. Petty, No. 2:11-cv-01099-RJS, 2013 WL 4780760, at *5 (D. Utah Sept. 5, 2013) (unpublished) (quoting SEC v. Bilzerian, 378 F.3d 1100, 1107 (D.C. Cir. 2004)).

Here, venue is proper in Utah because the complaint was brought against Ms. Cullinan as part of Mr. Barton's efforts to execute the receivership order in Mr. Buchanan's case. The complaint in this case is ancillary to the court's jurisdiction over the receivership estate, which establishes proper venue in Utah.

Although venue is proper under § 1391 and § 754, the court may transfer venue on a party's motion and in the court's discretion, but only "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a)-(b). "For more than five decades, [the Tenth Circuit] has required the movant to demonstrate that the balance of factors 'strongly favors' a transfer of venue under § 1404(a)." Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 n.13 (10th Cir. 2010). "Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should not be disturbed." Klein v. Cornelius, No. 2:11-cv-01159-DAK, 2012 WL 2261114, at *9 (D. Utah June 15, 2012) (unpublished) (citing Bartile Roofs, 618 F.3d at 1167).  Moreover, "this general rule is magnified in a receivership action." Id. (quotations omitted); see also Petty, 2013 WL 4780760, at *6 ("In a receivership case like this, the court gives even greater weight to Plaintiff's choice of forum.").

Similar to this case, the receiver in Cornelius sought to recover assets based on an alleged fraudulent transfer to an out-of-state resident. 2012 WL 2261114, at *1. The defendant claimed that venue was improper and should have been transferred in part "because the alleged transfer occurred in Texas" and "the witnesses and evidence [were] located in that district." Id. at *9. But

this court declined to transfer venue and explained:

> This District established the receivership and this District has a substantial interest in overseeing the actions brought to recover the assets of the receivership estate. Litigating this case in this District will ensure that the Receiver can most efficiently manage and prosecute his claims. Defendants [sic] claim that all the evidence and witnesses are in Texas is conclusory and insufficient. All the documents and records of the receivership entities are in Utah. . . . The court, therefore, concludes that there is no compelling reason to transfer this case to Texas.

Id.

This court sees no compelling reason to transfer this case to a different venue. A court in this district established the receivership and has an interest in ensuring that Mr. Barton can efficiently manage the various claims and recover assets. The court will respect Mr. Barton's choice of forum and will not transfer venue.

## ORDER

For the foregoing reasons, Ms. Cullinan's Motion to Dismiss Under Rule 12(b)(3) for Lack of Venue (Dkt. No. 4) is DENIED.

DATED this 29th day of December, 2014.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge